UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE FARKAS,

      Plaintiff,

                                     Case No. 11-12063
v.                                   Honorable Denise Page Hood

AMURCON CORPORATION, et al.,

      Defendants.

_____/

**ORDER REGARDING APPEAL OF MAGISTRATE JUDGE'S ORDER**

      This matter is before the Court on Plaintiff's Emergency Appeal of Magistrate Judge's December 12, 2011 Order Denying Plaintiff's Request under Rule 18 of the Electronic Filing Policies and Procedures. To date, no response was filed by Defendants to Plaintiff's Emergency Appeal.

      The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). Any appeal of or objections to a magistrate judge's order must be made within 14 days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Objections that are only general and are not specific waive the right to appeal. *See Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous

- 1 -

or contrary to law.  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)**.** "If two permissible views exist, a magistrate judge's decision cannot be 'clearly erroneous.'" *Hennigan v. Gen. Elec. Co.*, 2010 WL 4179376 *2 (E.D. Mich. Oct. 20, 2010) (unpublished).  Rule 72(a) provides considerable deference to the determinations of magistrate judges.  *In re Search Warrants*, 889 F.Supp. 296, 298 (S.D. Ohio 1995).

Plaintiff appeals the portion of the December 12, 2011 Order requiring Plaintiff to file a transcript of the audio tapes Plaintiff seeks to be filed as an exhibit.  It is noted that when Plaintiff filed the Ex Parte Motion for Order Allowing Traditional Filing of Audio Tapes, other than the ex parte motion, the audio tapes were not an exhibit to any pending motion.  Plaintiff appears to have filed the Ex Parte Motion so that Plaintiff could have a blanket order to file the audio tapes in the future as an exhibit to future motions.  The Magistrate Judge's December 12, 2011 Order denied Plaintiff's request to only file the audio tapes, but instead ordered Plaintiff to transcribe the audio tapes.  In his appeal, Plaintiff claims it would literally cost thousands of dollars in extra costs to transcribe and file any related discovery motions.  Plaintiff, however, does not include any support that the transcription of the audio tapes would cost $2,000 to $3,000.  (Appeal, Doc. No. 44, p. 8) Plaintiff also does not indicate that the Magistrate Judge was informed that it would cost thousands of dollars to transcribe the audio tapes.  Nothing in the Magistrate Judge's Order requires Plaintiff to transcribe the audio tapes by a "professional" transcriptionist.

The Magistrate Judge ruled that, "[i]n order to facilitate the Court's and counsel for the

- 2 -

parties' access to the audio tapes and in order to ease the Court's and counsels' reference to the material therein, Plaintiff shall transcribe the audio tapes at issue and file them under seal." (12/12/11 Order, pp. 3-4)  The Court finds that the Magistrate Judge's requirement that the audio tapes be transcribed is not clearly erroneous.  The Magistrate Judge's statement that referencing an exhibit to a motion where the exhibit is in a transcribed form may be easier for the Court and the parties is not clearly erroneous.  If at some point in the litigation it was required to actually listen to the audio tapes, such as at trial, then the Court can address the admissibility of the audio tapes at the appropriate time.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's December 12, 2011 Plaintiff's Ex Parte Motion for an Order Allowing Traditional Filing of Audio Tapes **[Doc. No. 41]** is **AFFIRMED** and the Appeal of the Order/Objection to the Order **[Doc. No. 44]** is **DENIED and OVERRULED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  January 27, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

- 3 -